UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE PAYMENTS, LLC, et al., | No. 2:18-cv-02727-TLN-KJN |
| Plaintiffs, | |
| v. | ORDER |
| 1POINT MERCHANT SOLUTIONS, INC., et al., | |
| Defendants. | |

An informal telephonic discovery conference was held on February 5, 2019, at 10:00 a.m., before the undersigned. Appearing telephonically were Rachel Fiset on behalf of plaintiffs; Justin McGuirk and Eric Schmoll on behalf of defendants 1Point Merchant Solutions, Inc., Wayne Keddy, Connie Pearce, and Bob Welch; and Michael York on behalf of defendants Elizabeth Carter, John Keddy, Suzanne Lambert, Michel Meyer, Angela Molloy, Iva Oakes, Joseph Ray, and Susan Ryan. After considering the parties' joint statement (ECF No. 27), joint letter brief (ECF No. 31), and oral arguments during the conference, the court finds as follows.

Defendants seek a protective order staying discovery pending a ruling on their dispositive motion to dismiss. (ECF No. 31.) Defendants assert that a stay is appropriate because there is an immediate and clear possibility that their motion to dismiss will succeed on the merits, and that a stay will not prejudice plaintiffs because they can conduct relevant discovery in a related pending

1

state court action.  (Id.)

District courts have "wide discretion in controlling discovery."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  "However . . . the Federal Rules of Civil Procedure do[ ] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  Indeed, district courts look unfavorably upon such blanket stays of discovery."  Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases).

Fundamentally, as discussed during the conference, the court finds that defendants would not be harmed or prejudiced by allowing discovery to proceed in this matter.  Even if the motion to dismiss is granted—by defendants' own admission—any discovery obtained in this matter is relevant to the pending state court action.  Anything produced as part of discovery here would not need to be produced in the state court action as well.  Indeed, plaintiffs' counsel has agreed to stipulate to that effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request to stay discovery is DENIED.
2. The court expects the parties to meet and confer, in the spirit of cooperation and civility, and jointly determine the deadlines for initial disclosures, the time needed to respond to any outstanding requests, as well as any other issues related to discovery.  At the same time, the parties are encouraged to take advantage of the undersigned's informal discovery dispute procedure, should they reach an impasse regarding a future discovery dispute.

IT IS SO ORDERED.

Dated:  February 6, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE