UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE PAYMENTS, LLC, et al., | No. 2:18-cv-02727-TLN-KJN |
| Plaintiffs, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, AND ORDER TO SHOW CAUSE |
| v. | |
| 1POINT MERCHANT SOLUTIONS, INC., et al., | (ECF No. 56) |
| Defendants. | |

On August 22, 2019, the Court heard arguments regarding Plaintiff's motion to compel responses to discovery requests against Defendants Elizabeth Carter, John Keddy, Suzanne Lambert, Michel Meyer, Angela Molloy, Iva Oakes, Joseph Ray, and Susan Ryan ("York Defendants"). (ECF No. 56.) At the hearing, attorney Natasha Gill appeared telephonically on behalf of Plaintiff, and attorney Eric Schmoll appeared telephonically on behalf of Defendants 1Point Merchant Solutions, Wayne Keddy, Pearce, and Welch ("1Point Defendants"). Attorney Michael G. York represents the York Defendants, but failed to appear or respond to the motion.

After carefully considering the written briefing, the oral argument, and the applicable law, the Court grants Plaintiff's motion to compel discovery responses and motion for sanctions against Mr. York. The Court further orders Mr. York to show cause for why he failed to respond to the motion or appear at the hearing, why this matter should not be reported to the California State Bar, or why Mr. York should not be barred from practicing in this district.

1

**Background**

Plaintiff filed this action in October of 2018, asserting multiple claims of "corporate theft and sabotage" of confidential business information against Defendant Wayne Keddy and 1Point Merchant Solutions. (ECF No. 1.) The Complaint alleges that Mr. Keddy "while purportedly working for [Plaintiff], masterminded a plan to steal [Plaintiff's] confidential business information to create a rival company called 1Point Merchant Solutions." (Id.) Keddy "enlisted the help of other Defendants, mostly former [plaintiff's] employees, to carry out his plan." (Id.) Defendants represented by Mr. York are six of Plaintiff's former sales representatives and two former customer support specialists. (See Id.)

1Point Defendants filed a motion to dismiss in October 2018. (ECF No. 6.) Defendants John Keddy, Michel Meyer, Joseph Ray, Susan Ryan, Suzanne Lamber, and Elizabeth Carter answered on November 20–21, 2018. (ECF Nos. 15–20.) Defendant Oakes answered on December 1, 2018, and Defendant Molloy answered on January 29, 2019. (ECF Nos. 26, 29.)

On January 17, 2019, Plaintiff served requests for production on all Defendants except Molloy—who was served with discovery requests on February 13, 2019. (ECF No. 56–1 at ¶ 2.) 1Point Defendants refused to respond in light of their pending motion to dismiss; to resolve this impasse, representatives for Plaintiff and 1Point Defendants held an informal discovery conference with the undersigned on February 5, 2019. (ECF No. 32.) The Court denied 1Point Defendants' request to stay discovery, and encouraged the parties to "meet and confer, in the spirit of cooperation and civility, and jointly determine the [discovery] deadlines." (ECF No. 33.) Thereafter, 1Point Defendants responded to Plaintiff's requests. York Defendants did not respond.

On April 22, 2019, Plaintiff filed a motion to compel the York Defendants to respond to the request for production, and supported it with a declaration from Plaintiff's Counsel. (ECF Nos. 37 and 37–1.) Therein, Plaintiff asserted the following:

> Mr. York . . . has only engaged in sporadic communications with counsel and ignored Granite's multiple attempts to meet and confer. After Judge Newman denied [1Point] Defendants a stay of discovery, Plaintiff sent three follow-up emails attempting to meet and confer with [York] Defendants regarding the late

2

discovery responses, before receiving a non-committal reply from Mr. York on March 11, 2019 blaming the delay on "the number of individuals" he represents. Although Plaintiff granted [York] Defendants another deadline extension until March 25, 2019 upon Mr. York's request, [they] failed to meet the deadline and stopped responding completely. When counsel for Plaintiff called Mr. York's office repeatedly on March 26, 2019 in an attempt to meet and confer, the receptionist hung up on her. [York] Defendants' responses are now almost two months past due. Plaintiffs have not received any calls or emails from [York] Defendants since March 15, 2019.

(ECF No. 37. at pp. 1–3, citations omitted.) The York Defendants did not offer a response to Plaintiff's motion to compel[1] as allowed under L.R. 251(e) (waiving the joint–statement requirement where there has been a "complete and total failure to respond.").

On June 6, 2019, the Court held a hearing on Plaintiff's motion. Mr. York appeared on behalf of his clients, and restated his excuses that he was having logistical issues coordinating with his clients and that he was "buried" in other cases. Mr. York assured the Court that he could have responses for Plaintiff within 10 days. The Court ordered the York Defendants to respond within 10 days and to only assert non–frivolous objections. (ECF No. 50.) The Court sanctioned Mr. York in the amount of $5,000 (to be paid to Plaintiff's Counsel by Mr. York personally), and warned that future failure to comply may result in more severe sanctions. (Id.)

On August 8, 2019, Plaintiff filed another motion to compel and supported it with a declaration from Plaintiff's Counsel. Therein, Plaintiff asserted that "[t]o date, [York] Defendants still have not provided any verifications or documents in response to the RFPs and have provided no SROG responses . . . Defendants' RFP responses are now almost six months past due and the SROG responses are almost two months past due." (ECF No. 56 at p. 4.) Plaintiff's counsel stated that she emailed Mr. York on June 21 to inquire into the discovery responses, and that Mr. York responded on June 24 with the following email:

////

////

////

---

[1] Court staff called Mr. York prior to the hearing to inquire as to whether he planned to attend. Mr. York stated he had not intended on appearing, but would see about putting it on his calendar.

3

> Ms. Gill:
> I can understand why you are not familiar with the postal system. After all, it was set up only very, very recently (244 years ago). So let me explain it to you: it is impossible to mail something and have it received the same day.
> Michael G. York

(Id.; see also ECF No. 56–1 at p. 33.) However, according to Plaintiff's Counsel, the York Defendants' responses that arrived in the mail on June 27 "contained no information or documents whatsoever." Plaintiff stated:

> Defendants' unverified RFP "responses" stated that copies of all responsive documents would be produced, though no production date was offered – except for Defendants' "responses" to Request for Production No. 21, which specifically confirmed Defendants' production of documents on or before July 2, 2019. Defendants, however, did not produce any responsive documents and missed their own July 2, 2019 deadline.
> Plaintiff emailed Mr. York again on July 16, 2019 to meet and confer regarding the outstanding RFP responses – as well as Defendants' failure to provide any responses to the SROGs which Plaintiff served via mail on May 31, 2019 and were due on July 5, 2019. Mr. York responded four days later stating that he would produce documents the following week and SROG responses the week after that. Plaintiff granted Defendants' request for an extension by waiting two weeks, but Mr. York again failed to provide any documents or responses.
> Plaintiff emailed Mr. York on August 2, 2019 inquiring the reason for [York] Defendants' delay and informing [York] Defendants of Plaintiff's intent to file a motion to compel discovery responses. Mr. York responded on August 5, 2019 offering to mail the RFP responses this week and the SROGs to follow "within a week" (without any explanation for his continuous delays). Plaintiff immediately responded noting [York] Defendants' lack of explanation for the continuous delays and failure to comply with Judge Newman's June 6, 2019 order. Plaintiff's email also noted that despite [York] Defendants having had over six (6) months to respond to the RFPs and Judge Newman ordering [York] Defendants' responses to be served in June. – it is now August and there have been no documents produced, yet Mr. York still continues to delay discovery. Mr. York did not reply.

(ECF No. 56 at pp. 3–4, citations omitted.) Plaintiff's motion was again submitted under Local Rule 251(e), allowing for the York Defendants to reply 7 days prior to the hearing. No response was had.[2]

---

[2] Court staff again called Mr. York prior to the hearing to inquire as to whether he planned to attend. Mr. York's assistant was unaware of the hearing, but said the Court's message would be passed along to Mr. York.

4

On August 22, 2019, the Court held a hearing on Plaintiff's second motion to compel; Mr. York did not appear at the hearing. The Court orally granted Plaintiff's motion and stated that this written order was to follow.

**Analysis**

Federal Rule of Civil Procedure 34 requires that "the party to whom the request is directed must respond in writing within 30 days after being served . . . ." Failure to respond within this time allows the requesting party to bring a motion to compel discovery. Rule 33 states similar time requirements for responses to interrogatories. See Fed. R. Civ. P. 33(b)(2). Under Rule 37, a party seeking discovery may move for an order compelling responses if "a party fails to produce documents . . . as requested under Rule 34" or "a party fails to answer an interrogatory submitted under Rule 33." An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). Further, the Rules state that "if a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders"; these orders may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> \*\*\*
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order . . . .

Rule 37(b)(2)(A). Finally, Rule 37 allows for payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees" if the motion is granted. Rule 37(a)(5)(A).

Here, the York Defendants appear to have utterly failed to offer complete answers to Plaintiff's discovery requests, as described by Plaintiff's Counsel and as demonstrated by the exhibits attached to Plaintiff's motion. (See ECF No. 56–1). The York Defendants' delay of five to six months to produce documents and two months to answer interrogatories is inexplicable, especially in light of Mr. York's representations at the June 6 hearing that the documents would

in fact be produced—and especially in light of his unprofessional and apparently false assertion that they were produced. Thus, the Court sees no alternative but to issue an order under Rule 37 sanctioning the York Defendants for failing to respond and failing to follow the Court's Order.

For failing to respond to Plaintiff's Set One of the Request for Production of Documents and Set One of the Special Interrogatories, the Court orders complete and meaningful responses within 10 days—without any objections by any of these Defendants. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); Mashburn v. Powell, 2013 WL 12142630, at *1 (C.D. Cal. Dec. 20, 2013) (ordering errant party to produce all documents requested and respond to all interrogatories, without objection, after a failure to respond and cooperate in discovery).

Further, the Court awards sanctions under Rule 37(a)(5)(a) to the law firm of Zweiback, Fiset & Coleman LLP in the amount of $7,000, to be paid personally by Mr. York within 10 days of this order—this award is in addition to the $5,000 Mr. York already paid to Plaintiff's Counsel. See Salinas v. Staples, Inc., 2012 WL 12884428, at *2 (E.D. Cal. Sept. 24, 2012) (awarding $2610 for 9 hours of work on a motion to compel discovery). As before, Mr. York may not pass the costs of these sanctions to his clients, either directly or indirectly.

Finally, the Court issues the following orders to show cause. First, York Defendants are ordered to show cause why more serious sanctions should not be imposed upon them for failing to follow the Court's June 6 Order. This includes the possibility that all facts asserted against them be established in Plaintiff's favor, that they be prohibited from opposing Plaintiff's claims, asserting defenses, or introducing evidence regarding the issues raised in Plaintiff's RPD and SROG's, that their answers be stricken in whole or in part, or that default judgment be entered against them. See Fed. R. Civ. P. 37(b)(2)(A); Sanchez v. Rodriguez, 298 F.R.D. 460, 469 (C.D. Cal. 2014) ("Such sanctions may include, inter alia, an order that the subject matter of the discovery shall be taken to be established in accordance with the [opponent's] case defense, or finding the [party] to be in contempt of court.").

////

Second, Mr. York shall show cause for his unprofessional conduct which has impugned the integrity of the Court and interfered with the administration of justice. See L.R. 180(e). This includes his unprofessional interaction with opposing counsel, his failure to represent the interests of his clients, his failure to respond to Plaintiff's motion to compel on behalf of his clients, and his failure to appear at the August 22 hearing. Mr. York shall also explain why this Court should not refer him to the appropriate disciplinary body of the California State Bar or otherwise bar him from practicing in the Eastern District of California. See Gadda v. Ashcroft, 377 F.3d 934, 947 (9th Cir. 2004) ("[Courts] have inherent authority respecting the suspension and disbarment of attorneys who perform incompetently in federal [] proceedings."); see also In re Snyder, 472 U.S. 634, 645 n. 6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent powers; the standards imposed are a matter of federal law."); Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993) ("Courts are endowed with inherent powers which are necessary to the conduct of their business, including the power to sanction.").

The responses to these show cause orders are due within 21 days of service.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery responses from Defendants Elizabeth Carter, John Keddy, Suzanne Lambert, Michel Meyer, Angela Molloy, Iva Oakes, Joseph Ray, and Susan Ryan (ECF No. 56) is GRANTED;

2. These Defendants have 10 days from the date of this Order to respond, without objection, to Plaintiff's Set One Requests for Production of Documents and Plaintiff's Set One Special Interrogatories;

3. The law firm of Zweiback, Fiset & Coleman LLP is awarded sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A) in the amount of $7,000.00, to be paid by Defense Counsel Michael G. York due to his conduct that necessitated this motion. Such sanctions must be paid within 10 days of this order, and Mr. York may not pass on the costs of such sanctions to his clients either directly or indirectly. Mr. York must provide a copy of this Order to each of his clients in this case;

7

4. These Defendants are ordered to show cause within 21 days why the Court should not impose additional sanctions on them for failing to respond to Plaintiff's discovery; and

5. Mr. York is ordered to show cause within 21 days why he should not be referred to the appropriate disciplinary body of the California State Bar or why he should not be otherwise barred from practicing in the Eastern District of California.

Dated: August 26, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gran.2727