UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE PAYMENTS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> 1POINT MERCHANT SOLUTIONS, INC., et al., <br><br> Defendants. | No. 2:18-cv-02727-TLN-KJN <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE <br><br> (ECF No. 56) |

On August 22, 2019, the Court heard arguments regarding Plaintiffs' second motion to compel responses to discovery requests, as against Defendants Elizabeth Carter, John Keddy, Suzanne Lambert, Michel Meyer, Angela Molloy, Iva Oakes, Joseph Ray, and Susan Ryan ("York Defendants"). (ECF No. 56.) These Defendants' attorney, Michael York, failed to appear at this hearing, and based on Plaintiffs' submissions, it appeared Mr. York had been non–responsive to Plaintiffs discovery requests. Thus, the Court granted Plaintiffs' motion to compel, ordered the York Defendants to respond to Plaintiffs' Request for Production and Interrogatories, and sanctioned Mr. York $7,000. (ECF No. 62) Further, the Court ordered the York Defendants to show cause why more serious sanctions should not be instituted, including issue sanctions, for their repeated failure to respond to the Request for Production. (Id.) Finally, Mr. York was ordered to show cause why he should not be referred to the California bar for disciplinary proceedings or why he should not be barred from practicing in this district. (Id.)

1

Mr. York responded on behalf of himself and his clients, raising multiple issues with the Court's latest discovery order. (ECF No. 64.) First, Mr. York contended that Defendants did in fact comply with the Court's June discovery order to respond to Plaintiff's motion to compel. He argues the Court's order required the Defendants to submit "responses" to Plaintiffs' request, not the documents themselves, and they did in fact respond with a proposed production date. Further, Mr. York asserted that the sought–after documents were in fact served on August 12—days after Plaintiffs filed its second motion to compel but before the August 22 hearing. Second, Mr. York contended that he disregarded Plaintiff's second motion to compel (and failed to show at the August 22 hearing) because he believed it was not properly noticed under Local Rule 230 (requiring at least 28 days between the filing of a motion and a hearing). He also asserts he was unaware of the shortened time period for discovery disputes under L.R. 251(e) (allowing for a 14–day turnaround on discovery motions where there has been a "complete failure to respond.") Third, Mr. York asserted that despite his disagreements with the Court's order, he paid Plaintiff's counsel the $7,000 sanctions. Fourth and finally, Mr. York asserted that he was "now caught up on [his] work, and it will not happen again."

In addition to the filing from the York Defendants, another set of Defendants represented by separate counsel ("1Point Defendants") opposed issue sanctions. (ECF No. 63.) They generally asserted that any issue sanctions levied against the York Defendants (who are alleged co–conspirators with the 1Point Defendants) would affect 1Point's defense as well. 1Point Defendants assert they have complied with their discovery obligations.

Plaintiffs responded to both filings, pressing for more serious sanctions. (ECF No. 66.) Plaintiffs recount the failings of Mr. York, cut through some of his arguments, and assert that the York Defendants' Rog responses still remain deficient (which they contend will necessitate a third motion to compel). Thus, Plaintiffs believe that without issue sanctions, the York Defendants will continue to obfuscate, thereby prejudicing Plaintiffs' case. Further, Plaintiffs generally assert that their proposed remedies against the York Defendants—"including but not limited to issue establishment, evidence preclusion, contempt sanctions, and/or default judgement"—will not affect the ability of the 1Point Defendants to defend their case.

**Analysis**

First, regarding the York Defendants' assertions that the Court granted Plaintiffs' second motion to compel in error, the Court takes this as a request for reconsideration. This request is denied, however, because the order was justified as the Court understood the facts at the time, and no assertions from the York Defendants changes the Court's analysis. See Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). It appeared that in June, the York Defendants had failed to respond to Plaintiffs' RPDs, which had been pending since January/February. After the Court ordered responses, the email exchanges between counsel showed that as of the beginning of August, no documents had been produced. Mr. York's assertion that the Court only ordered "responses" to be produced, and not the actual documents, is a hollow attempt to justify the failure to respond. While Fed. R. Civ. P. 34(b)(2)(B) does not require immediate production of the documents, any delayed production must be within a "reasonable time specified in the response." As the emails between the parties showed, Mr. York offered a production date in early July, then missed this date and continued to delay for the next month. (ECF No. 56–1.) Further, the Court finds Mr. York's contention that he was unaware of L.R. 251's reduced timeframe to be similarly empty, as Plaintiffs clearly cite to the rule in both their June and August motions to compel. (See ECF Nos. 37, 56.) Thus, the $7,000 monetary sanctions were warranted, and will not be reconsidered. Further, while the York Defendants maintain they actually produced the documents (which Plaintiffs do not dispute in their response), the Court based its order to compel production on its awareness of the facts at the time of the hearing—which Mr. York failed to appear at or otherwise respond to; in any case, the issue is now moot, given that production has occurred.

As to Plaintiffs' continued press for more serious sanctions, the Court finds the York Defendants and Mr. York are saved by three of their unrebutted assertions. Most importantly, the requested documents appear to have been produced, which effectively solves this portion of the discovery dispute. Thus, Plaintiffs' contention that it may not "gain access to the 'true facts' and

3

evidence" falls flat.  Second, Mr. York states he has already paid Plaintiffs' counsel the $7,000 in sanctions, despite his disagreement with the Court's order.  Third, Mr. York states that his reckless behavior "will not happen again."  Moreover, the Court is hesitant to levy sanctions against the York Defendants themselves for what appears to have been the fault of their attorney.  To that end, the Court discharges its order to show cause; no further sanctions will lie against the York Defendants at this time.  Further, given Mr. York's (begrudging) compliance with the motion to compel and sanctions order, action against his ability to practice would also be unwarranted at this time.

The Court understands Plaintiffs' frustration, and is cognizant of their assertion that the York Defendants' interrogatory responses remain insufficient.  The Court strongly urges Plaintiffs to seize upon Mr. York's assertion that no further issues with discovery will arise, and counsels the parties to meet and confer under L.R. 251(c) to resolve the remaining dispute over the York Defendants' interrogatory responses.  Should this effort fail, the undersigned is available to participate in another informal telephonic dispute or, if need be, to preside over a formal hearing on any motion to compel (which will require a joint statement demonstrating the issues with the interrogatories, as per L.R. 251(c)).  The Court will not forget Plaintiffs' request for more serious sanctions, but believes that in light of the 1Point Defendants' assertion—that issue sanctions against the York Defendants will affect them too—the issue must be more fully briefed before being instituted.  The Court will also not forget Mr. York's expressed intent to help this case get back on track, and counsels him to act on this sentiment from here forward.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that defendants' motion for reconsideration is denied and the Court's Order to Show Cause is DISCHARGED.

Dated:  September 20, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gran.2727

4