UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE PAYMENTS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>1POINT MERCHANT SOLUTIONS, INC., et al.,<br><br>Defendants. | No. 2:18-cv-02727-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants 1Point Merchant Solutions, Inc., Wayne Keddy, Connie Pearce, and Bob Welch's (collectively "Defendants") Motion to Stay proceedings related to Bob Welch ("Welch") pursuant to Federal Rule of Civil Procedure 17(c)(2). (ECF No. 68.) Plaintiffs Granite Payments, LLC and GPA Processing, LLC (collectively "Plaintiffs") oppose the motion. (ECF No. 72.) Defendants replied. (ECF No. 75.) For the reasons set forth below, the Court grants Defendants' Motion to Stay proceedings related to Welch.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On October 18, 2018, Plaintiffs filed their Complaint in this Court alleging corporate theft and sabotage against 1Point Merchant Solutions, Inc and 11 individual defendants. (ECF No. 1.) Reed Smith, LLP represents the four Defendants bringing this motion. The remainder of the

individual Defendants are represented by Michael York of the Law Office of Michael G. York and are not parties to the current Motion. Plaintiffs allege all Defendants — most of whom are former employees — stole confidential business information and created a rival company using that information. (ECF No. 1 at ¶ 1.)

On October 21, 2019, Defendants filed the instant Motion to Stay proceedings pursuant to FRCP 17(c)(2) as related to Welch until his competency has been determined. (ECF No. 68.) In June 2019, Welch suffered a series of debilitating strokes and spent approximately one month in the hospital. (ECF No. 68-1 at ¶ 2.) Welch is not expected to fully recover and needs assistance with daily tasks. (ECF No. 68-1 at ¶ 3.) Defendants' counsel informed Plaintiffs' counsel of Welch's condition and received a series of short extensions for Welch to answer the Complaint and to respond to discovery requests. (ECF No. 68-1 at ¶ 4.) Defendants' counsel also requested Plaintiffs voluntarily dismiss Welch. (*Id.*) At Plaintiff's request, Welch's family provided documentation regarding his diagnosis. (ECF No. 68-1 at ¶ 5.) Plaintiffs declined to voluntarily dismiss Welch and refused to grant him further extensions. (*Id.*) As a result, Defendants filed the instant Motion to Stay. On November 21, 2019, Plaintiffs opposed the Motion. (ECF No. 72.) On November 27, 2019, Defendant's replied. (ECF No. 75.)

## II.     STANDARD OF LAW

"[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). A district court weighs the following factors when considering a motion to stay: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

///

### III. ANALYSIS

Defendants request a six-month stay of proceedings as related to Welch to provide time for his family to handle his affairs and determine his capacity. Defendants assert Plaintiffs never employed Welch and do not allege that he participated in the purported scheme to steal or misappropriate Plaintiff's business information. Welch is being sued in an individual capacity because he is a minority owner of the disputed business, and therefore, Defendants assert he is not needed for the case to go forward. While the family does not anticipate Welch will recover, Defendants assert the stay is appropriate to protect his interests in the litigation pursuant to Rule 17(c) and to provide time to assess his needs moving forward.

Plaintiffs contend they have already granted Welch a six-month extension, and Defendants are using his condition as an excuse to delay proceedings. Plaintiffs argue they have repeatedly offered to settle with Welch, but his counsel refuses to settle or offer other acceptable alternatives. As Defendants' counsel updated Plaintiffs regarding Welch's condition and informed them of the family's potential appointment of a guardian, Plaintiffs assert they continued offering to engage in "good faith" settlement negotiations to resolve Welch's involvement. Plaintiffs argue they opposed the Motion to Stay since Defendants would not provide an estimated date when Welch's affairs would be in order and would not provide assurances that a six-month extension would result in the appointment of a guardian or a resolution of Welch's liability. Plaintiffs assert further delay would prejudice them. Finally, Plaintiff's argue Rule 17(c) does not apply to the instant Motion since the cases cited by Defendant protect only incompetent plaintiffs, not defendants.

"The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). To achieve that end, "a district court has broad discretion to fashion an appropriate safeguard that will protect an incompetent person's interests." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017); *see Davis*, 745 F.3d at 1311 (listing safeguards among which a district court may choose depending on the circumstances); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) ("Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an

incompetent person during litigation."). If the Court determines a stay order is an appropriate solution, it might also engage in periodic case management conferences to assess the party's competency or to monitor a search for a guardian. *Davis*, 745 F.3d at 1311.

The Court finds no merit to Plaintiffs' argument and does not condone the notion that Welch should be forced to settle with Plaintiffs simply because he suffered a tragic and unforeseen health condition. Despite Plaintiffs' repeated assertion that Defendants have not agreed to any acceptable "resolutions," which the Court understands means settlement to Plaintiffs, Defendants have, in fact, offered to continue moving forward with the other Defendants. Unlike in *Davis*, cited by both parties, the Court here is not considering an indefinite stay that would essentially amount to a dismissal with prejudice. *See Davis*, 745 F. 3d at 1311 (reversing an indefinite stay based on Plaintiff's competency.) Defendants ask the Court to grant only a six-month stay as to a single defendant, who is not an essential party to the action. As noted above, Rule 17(c) protects individuals who are either prosecuting or defending a lawsuit.

Although Plaintiffs generally assert they will be prejudiced by a delay in proceedings, they offer no argument as to how Welch's six-month absence will damage their case. Furthermore, Defendants have clearly established the severity of Welch's condition and the hardship his family faces. Requiring them to proceed with litigation before having an opportunity to understand the legal consequences of Welch's incapacity and to appoint an appropriate guardian is simply unjust and may fatally damage Welch's interests. Finally, the Court finds that a six-month delay will not impact the orderly course of justice or burden the Court's docket.

Rule 17(c) exists to prevent precisely this type of circumstance, where an incompetent party must sacrifice its legal rights to its opponent's advantage merely because it is unable to fully defend itself. Plaintiffs' attempts to force a settlement, although purportedly done in "good faith," exploit Welch's weakened condition and runs counter to the aims of our justice system. The Court finds that granting a stay is an appropriate remedy to fully protect Welch's interests while his family and legal counsel coordinate and determine how to proceed. Accordingly, the Court GRANTS Defendants' Motion to Stay.

////

4

## IV. CONCLUSION

The Court hereby GRANTS Defendants' Motion to Stay proceedings related to Welch for six months from the date of electronic filing of this Order. Defendants are ordered to file a status report updating the Court regarding Welch's capacity and ability to answer the Complaint and respond to discovery no later than 200 days of entry of this Order.

IT IS SO ORDERED.

Date: March 24, 2020

Troy L. Nunley
United States District Judge